# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 1, 2006

## JOHNIE JEFFERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26833      James C. Beasley, Jr., Judge**

---

### No. W2005-01965-CCA-R3-PC  - Filed October 13, 2006

---

The petitioner, Johnie Jefferson, appeals as of right from the order of the Shelby County Criminal Court denying his petition for post-conviction relief from his first degree murder conviction, for which he is serving a life sentence. The petitioner claims he received the ineffective assistance of trial counsel because his attorney failed to investigate two witnesses properly and failed to consult with him prior to trial. We conclude no error exists, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Britton J. Allan, Memphis, Tennessee, for the appellant, Johnie Jefferson.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; Scot A. Bearup, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner's first degree murder conviction arises from the gang-related killing of Kelvert Hailey. The petitioner was tried jointly with his co-defendant, Larry Johnson. Marcus Rydell Glass testified at the petitioner's trial that he was charged with facilitation of first degree murder for the crime. Glass testified at trial that he witnessed the petitioner and Johnson shoot the victim. The petitioner testified at trial that he was not present at the scene of the crime, did not know the victim, did not know his co-defendant before being arrested, and did not know anything about the crime until he was arrested. See State v. Johnie Jefferson and Larry Johnson, Nos. W1999-00747-CCA-R3-CD and W2000-01970-CCA-R3-CO, Shelby County (Tenn. Crim. App. Oct. 12, 2001), app. denied (Tenn. 2002).

At the post-conviction hearing, the petitioner testified that he was not aware of an investigator working on his case and never met with an investigator. He said trial counsel met with him no more than ten times for ten to fifteen minutes when he was in jail before trial. The petitioner testified that counsel never gave him discovery materials. He said that counsel never discussed the testimony of anticipated witnesses with him and never told him whether he had interviewed these witnesses. He said he was unaware of any investigation done by counsel of the unidentified "reliable witness" who gave information to the police which led to a search warrant for his co-defendant's car. He said that counsel never discussed lesser included offenses with him but that he understood that he would either be found guilty of first degree murder or acquitted. He denied that counsel ever discussed any alternative theories of defense with him, and he conceded that the state presented evidence at trial that contradicted his claim that he did not know any of the people involved in the crime and was not involved himself. The petitioner said that he told counsel about a witness named "Frank" who had heard Glass say that Glass was the person who killed the victim but that counsel did not investigate.

The petitioner's trial counsel testified that he obtained a court order for investigative services and employed an investigative firm to assist with the case. He said that an investigator met with the petitioner and discussed the case. Counsel said he communicated extensively with the investigators before trial. Counsel produced an eight-page report from the investigative firm that was received as an exhibit. Counsel said that his billing records indicated he met with the petitioner at the jail for six visits, each of which was between one and two hours long, and one visit that was over two hours long. He said he also met with the petitioner on his court dates and that he met with the petitioner at the jail every day of the four-day trial. He said he provided the petitioner with a copy of the discovery materials that he obtained from the state. He said that he attempted to have an investigator interview Glass but that Glass's attorney would not permit it. He testified that an investigator could not find Robert Walker but that counsel was able to get some of Walker's prior statements from other defense counsel a few days before trial. Counsel testified that an investigator attempted to locate Raniko Bonner but was unsuccessful. Counsel testified that he was limited in pursuing alternate theories of defense by the petitioner's insistence that he was not present and knew nothing about the crime and that counsel explained that this placed the petitioner in an "all or nothing" situation where he would either be found guilty of first degree murder or acquitted. He said that the petitioner initially denied knowing the people who were involved but that as counsel obtained more information, the petitioner conceded that he had some knowledge of them. Counsel said that he presented the testimony of Marlo Richardson at trial, who said that Glass confessed that he committed the crime, but that the jury chose to discredit Richardson's testimony. Counsel testified that he did not recall the petitioner ever giving him any information about "Frank." Counsel testified that he did not specifically recall whether he had asked the prosecutor or the search warrant affiant who the "reliable witness" was who provided the information in the search warrant for the petitioner's co-defendant's car, but he said that he had requested discovery including every person with any knowledge about the crime. He said that he filed a petition for writ of error coram nobis when the petitioner notified him after trial of a witness, Kim Moss, who claimed Glass confessed to the killing. That petition was denied by the trial court, and the ruling was affirmed on appeal.

At the conclusion of the hearing, the trial court found that the petitioner's testimony was incredible as compared with that given by his trial counsel. The court found that counsel conducted a thorough investigation, sufficiently consulted with the petitioner before trial, and adequately defended the case given the petitioner's insistence that he had nothing to do with the crime. The court ruled the petitioner had failed to establish that counsel provided deficient representation, and it denied the petition.

On appeal, the petitioner makes three challenges to the denial of his claim of ineffective assistance. He claims that the evidence demonstrates that he is entitled to relief because counsel failed to investigate Raniko Bonner before trial, failed to consult with him beforehand, and failed to investigate the unnamed "reliable witness" who provided information for the search warrant.

The burden was on the petitioner in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. T.C.A. § 40-30-110(f) (2003). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this regard, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves mixed questions of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See DeCoster, 487 F.2d at 1201.

The petitioner claims that counsel was ineffective because he failed to investigate Raniko Bonner, whom the petitioner characterizes as a critical witness at trial because her testimony was used by the state to corroborate accomplice Marcus Glass's testimony. Trial counsel testified at the post-conviction hearing that he had an investigator look for Bonner but that the investigator could not find her. The investigative report reflects that an investigator went to an apartment searching for Bonner but found the apartment boarded and was told by the manager that Bonner did not live there. Counsel also testified that he reviewed Bonner's prior statements which were furnished to him after her direct examination testimony and that nothing was in those statements which indicated she would have testified inconsistently had he had any contact with her prior to trial. The evidence does not preponderate against the trial court's finding that trial counsel made adequate efforts to locate Raniko Bonner, notwithstanding the fact that the investigator could not find her. Thus, the petitioner is not entitled to relief on this basis.

The petitioner also claims that counsel failed to consult with him before trial. The petitioner points to his own testimony that counsel came to the jail to meet with him on ten or fewer occasions for ten to fifteen minutes per meeting, did not provide him with discovery materials, and did not discuss witnesses or the investigation with him. The petitioner argues that his testimony demonstrates "a complete lack of communication" with counsel. Trial counsel offered contrary testimony, and the trial court accredited the testimony of trial counsel that he had adequate consultations with the petitioner, provided him with discovery materials, and discussed the defense with him. The evidence does not preponderate against those findings, and the petitioner is not entitled to relief.

The petitioner also argues that counsel provided ineffective assistance by failing to investigate the "reliable witness" who provided information which was used by the police to obtain a search warrant for co-defendant Johnson's car. He claims that the witness identified Glass and Johnson as the individuals who killed the victim but did not identify the petitioner, so this witness would have supported his defense. Counsel testified at the hearing that in pretrial discovery he had requested information about anyone who had knowledge of the crimes. He said he did not know how learning the identity of the "reliable witness" would have further assisted him at trial. The trial

court found that counsel "was well prepared for this trial, that he prepared himself as much as humanly possible . . . ." The court found that there was no basis for assigning deficiency to counsel's investigation. The evidence does not preponderate against these findings. The petitioner did not present the witness at the hearing and has not demonstrated that he is entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE